IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00463-GPG

JOSE PEREZ-CARRERA,

      Applicant,

v.

M. A. STANCIL, Warden,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Jose Perez-Carrera is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Applicant, acting *pro se*, initiated this action on March 5, 2015, by filing a 28 U.S.C. § 2241. Magistrate Judge Gordon P. Gallagher reviewed the Application and found as follows.

Applicant asserts that he pled guilty to one count of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (e), and 2; one count of carjacking in violation of 18 U.S.C. §§ 2119(3) and 2; one count of possession of two semi-automatic assault weapons in violation of 18 U.S.C. §§ 922(v)(1), 924(a)(1)(B) and 2; two counts of carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (3), and 2. Applicant further asserts that he was sentenced to a total of 653 months of incarceration.

Applicant asserts that he was foreclosed by circuit and Supreme Court precedence from challenging the errors in his sentence at the time of his sentencing, direct appeal, and collateral attack pursuant to 28 U.S.C. § 2255. Applicant contends that he lacked the opportunity to obtain relief based on the decisions in *Persuad v. United States*, 134 S. Ct. 1023 (2014), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He further asserts that he also is foreclosed from challenging the errors in his

sentence by filing a successive § 2255 motion because he is not relying on newly discovered evidence or a new rule of constitutional law as required under § 2255(8), [Footnote omitted] but pursuant to *Persuad* a "sentence imposed above the otherwise applicable statutory maximum based on a legal error is a fundamental defect redressable under the savings clause." Application, ECF No. 1, at 3.

The Court has reviewed the docket in *United States v. Jose R. Perez-Carrera*, No. 96-cr-00039-SEC-2 (D. P.R. May 27, 1998), Applicant's criminal case at issue in this action. The docket confirms he pled guilty to the counts noted above, *id.* at ECF No. 139, and 140, and was sentenced to a total of 653 months, *id.* at ECF No. 236. Applicant filed a direct appeal, which resulted in a reduction of sentence in count two from ten to five years, but did not affect the total aggregate sentence. *See United States v. Perez-Carrera*, No. 98-1788 (1st Cir. Mar. 15, 2001).

Applicant then filed a § 2255 motion on June 21, 2002, *see Perez-Carrera v. United States*, No. 02-cv-01963-SEC (D. P.R. Nov. 25, 2003), which was denied on November 25, 2003, *id.* at ECF No. 18, and dismissed on appeal as untimely, *see Perez-Carrera v. United States*, No. 15-1952 (1st Cir. Sept. 28, 2005). Applicant also filed an appeal of the denial of a Fed. R. Civ. P. 60(b) motion in Case No. 02-cv-01963-SEC, which was dismissed, *Perez-Carrera*, No. 10-1774 (1st Cir. Jan. 25, 2011). Applicant continued to file motions to reconsider in Case No. 02-cv-01963-SEC, which were denied as an attack of the underlying conviction and found to be successive § 2255 motions that lacked authorization by the First Circuit. *Perez-Carrera*, No. 02-cv-01963 at ECF No. 121.

Applicant then filed a second § 2255 motion that was denied as successive. *Perez-Carrera v. United States*, No. 12-cv-01716-SEC (D. P.R. Jan. 8, 2014). Applicant raised the *Alleyne* issue in this § 2255 motion, but the court found *Alleyne* did not "carry the day for the petitioner," because it is not applied retroactively. *Id.*, ECF No. 32 at 4.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. §

2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28
U.S.C. § 2255(e).

Applicant bears the burden of demonstrating that the remedy
available pursuant to § 2255 is inadequate or ineffective.  *See Prost v.
Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not easily
satisfied because "[o]nly in rare instances will § 2255 fail as an adequate
or effective remedy to challenge a conviction or the sentence imposed."
*Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho
v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy
available pursuant to § 2255 is inadequate or ineffective only in "extremely
limited circumstances").

That Applicant sought and was denied relief in a § 2255 motion
does not demonstrate that the remedy was inadequate or ineffective.  *See
Williams*, 323 F.2d at 673.  Furthermore, even if Applicant is barred from
raising his claims in a second or successive motion pursuant to § 2255,
the remedy provided in § 2255 still is not inadequate or ineffective.  *See
Caravalho*, 177 F.3d at 1179.  Applicant fails to demonstrate the remedy
available pursuant to § 2255 in the sentencing court is inadequate or
ineffective under the *Prost* test.

Furthermore, *Persaud* does not provide jurisdiction for this
Application.  The Supreme Court did not issue a substantive decision in
*Persaud*.  The Court granted certiorari, vacated a decision by the Fourth
Circuit Court of Appeals, and remanded for further consideration in light of
the Solicitor General's brief.  *Persaud*, 134 S. Ct. at 1023.  *Persuad*,
therefore is of no assistance to Applicant.

ECF No. 6 at 1-4.

Magistrate Judge Gallagher directed Applicant to show cause why this action

should not be dismissed because he has an adequate and effective remedy pursuant to

§ 2255 in the sentencing court.  Applicant filed a Response on May 5, 2015.

The Court must construe the Application and Response liberally because

Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

In the Response, Applicant argues that pursuant to the Solicitor General's

conclusions in *Persaud* this Court may find that it has jurisdiction to review the merits of his claims, because the type of legal error at issue in this case is cognizable under the savings clause.  Applicant further claims that *Persaud* stands for the position that the fundamental statutory interpretation announced in *Alleyne* demonstrates a circumstance which establishes § 2255 is inadequate and ineffective.  Applicant asks that this Court either grant the Application or stay the Application pending the outcome of *Persaud*.

As determined by Magistrate Judge Gallagher, the Supreme Court did not issue a substantive decision in *Persaud*.  The Court granted certiorari, vacated a decision by the Fourth Circuit Court of Appeals, and remanded for further consideration in light of the Solicitor General's brief.  *Persaud*, 134 S. Ct. at 1023.  *Persuad*, therefore is of no assistance to Applicant in this action.  Furthermore, *Alleyne* is not retroactive.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255

is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application pursuant to § 2241 to proceed)). The Tenth Circuit, however, has now explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. The Tenth Circuit disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized." *Id.* at 596 (Tenth Circuit declines to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a

new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94. The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review, *id.* at 591.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Id.* at 587. A sentencing court's denial of an applicant's § 2255 motion on the merits, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). Furthermore, "[f]ailure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Because none of Applicant's claims demonstrate that any remedy available to him in the sentencing court, pursuant to 28 U.S.C. § 2255, is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013). The Court also declines to stay or certify the issue to the Tenth Circuit as suggested by Applicant.

6

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy in the United States District Court for the District of Puerto Rico is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __12th__ day of ___May_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

7